Worthington Whitehouse, Inc., Plaintiff, Respondent, v. Frank J. Tyler, Individually and as Executor and Trustee of the Last Will and Testament of Benjamin Hawker, Deceased, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 27, 1924.

Trial — verdict — action for breach of land contract — consummation of cash loan condition precedent to execution of contract — title company refused loan — error to dismiss complaint where defendant's testimony raised issue of fact for jury — judgment reversed — judgment should have contained recital of dismissal of complaint on trial as to defendant in his capacity as executor and trustee.

The direction of a verdict for the purchaser, in an action for breach of a land contract, is error and a judgment to that effect should be reversed where it appears that the vendor informed the purchaser that the sale would have to be a cash transaction, dependent upon the consummation of a loan from a title company, and that the title company turned the loan down because of the absence of a trustee, since the vendor's testimony raises an issue of fact which should have been submitted to the jury.

Defendant, as executor and trustee, is entitled to judgment dismissing the complaint as to him, and the judgment should contain such a recital where a motion to that effect was made and granted on the trial, though the notice of defendant's appearance in his fiduciary capacity was not filed with the court until the day of the trial.

Appeal by defendant, individually, from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff, entered upon the verdict of a jury directed by the trial court in plaintiff's favor. Also an appeal by defendant, as executor and trustee, etc., from the judgment of the court below, because of the failure of the judgment to recite the dismissal of the complaint as against him, with costs, and from an order denying his motion to correct the judgment accordingly.

*Warren McConihe*, for the appellant.

*Lester B. Nelson*, for the respondent.

Mitchell, J. It was error to direct a verdict in plaintiff's favor. Defendant's testimony raised an issue of fact which should have been submitted to the jury. Defendant testified that the first price which was made to him was that mentioned in plaintiff's letter (Plaintiff's Exhibit 1) and that when asked if he would entertain the offer, defendant informed plaintiff's representative that he had no authority to take back a mortgage; that the transaction would have to be cash; that if the title company did not object to the missing trustee and they approved of his authority, the con-

templated loan would be consummated; that the sale would depend upon the loan, and that he would not consider a contract until the loan was consummated. Defendant's letter is indicative of the position which defendant testified he took regarding the proposed sale. Defendant also testified that the title company turned down the title and would not make the loan because of the missing trustee. If the case had been submitted to the jury and it believed the above testimony of the defendant, it would have been warranted in returning a verdict in defendant's favor.

The complaint was dismissed upon the trial as to the defendant in his capacity as executor and trustee, and the judgment should have contained a recital to that effect. While the notice of appearance of the defendant in his fiduciary capacity was not filed until the day of the trial, plaintiff's counsel raised no question at the time of the trial as to the standing in court of the defendant in his said representative capacity. The latter actually appeared in court at the trial by attorney, and his attorney's motion to dismiss the complaint was granted. The defendant, as executor and trustee, is entitled to judgment dismissing the complaint as to him, with costs.

Judgment and order reversed and judgment directed in favor of defendant, as executor and trustee, dismissing the complaint as against him, with costs, and a new trial ordered as to plaintiff's claim against the defendant, individually, with thirty dollars costs to appellant to abide the event.

Guy and Gavegan, JJ., concur.

Judgment and order reversed and judgment directed dismissing complaint against defendant and new trial ordered.